**SO ORDERED.**

**SIGNED this 10 day of December, 2021.**



_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

IN RE:                                                            CASE NO. 19-05254-5-DMW

MEGAN L. SHERRELL
                                                                  CHAPTER 13
            DEBTOR

## ORDER DENYING MOTION FOR SANCTIONS

This matter comes on to be heard upon the Debtor's Motion for Sanctions and Damages ("Motion") filed by Megan L. Sherrell ("Debtor") on November 3, 2021 and the Response to Debtor's Motion for Sanctions and Damages filed by Citizens Bank N.A. ("Citizens") on November 24, 2021. The court conducted a hearing in Raleigh, North Carolina on November 30, 2021. Travis Sasser, Esq. appeared for the Debtor, and John C. Bircher III, Esq. appeared for Citizens. Based upon the pleadings, the arguments of counsel and the case record, the court makes the following findings of fact and conclusions of law:

1.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the court has the authority to hear and determine the matter pursuant to 28 U.S.C. § 157(b)(1). The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334 and the General Order of

Reference entered on August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2. The Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code on November 12, 2019. John F. Logan, Esq. ("Trustee") served as Chapter 13 trustee to fulfill the duties as provided in 11 U.S.C. § 1302.

3. The Debtor listed on her schedules of assets and liabilities a 2014 Kia Forte ("Vehicle") worth $10,325.00 securing a debt in favor of Citizens with a balance of $8,346.00. The court set a deadline of January 21, 2020 for the filing of non-governmental proofs of claim. Citizens did not file a proof of claim.

4. The Debtor filed an amended Chapter 13 Plan ("Plan") on March 16, 2020. In Section 3.4 of the Plan, the Debtor proposed to treat Citizens as fully secured, with full payment of the $8,346.00 claim through the Plan with interest at a rate of 6.75 percent. Section 3.4 of the Plan stated as follows: "These claims will be paid in full by the Trustee, with interest at the rate stated below. . . . In the absence of a timely filed proof of claim, the claim amount stated below is controlling." Section 3.1 of the Plan, entitled "Lien Retention," stated that "The holder of each allowed secured claim provided for [in Section 3.4] below will retain the lien on the property interest of the Debtor(s) or the estate until the earlier of: (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge of the Debtor(s) under 11 U.S.C. § 1328."

5. The court confirmed the Plan on April 17, 2020, and property of the estate vested in the Debtor upon confirmation. Post-confirmation, the Debtor sold her residence, and in July 2021, the court entered a Consent Order between the Debtor and the Trustee agreeing to modification of the Plan. Under the terms of the Consent Order, the Debtor made a lump sum payment to the Trustee, presumably from the proceeds of the sale of her residence and paid all

allowed claims in full. The Trustee did not disburse any funds to Citizens during the pendency of this case, because Citizens did not file a proof of claim. The court entered an Order of Discharge on September 27, 2021, and the court closed the case on October 18, 2021.

6. The Debtor successfully moved for the court to reopen her case before filing the Motion. The Debtor asserts that after the court entered the Order of Discharge, Citizens contacted the Debtor about repossessing the Vehicle and has refused to release its lien against the Vehicle. The Debtor asserts that Citizens' action and inaction, respectively, violate the court's Order confirming the Plan and the Order of Discharge. The Debtor requests that the court order Citizens to cancel its lien on the Vehicle and pay damages and sanctions to the Debtor.

7. The Debtor cites the provisions of the Plan and 11 U.S.C. § 1327 to support her contention that Citizens should cancel its lien. Section 1327 states as follows:

> (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.
> (b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.
> (c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

11 U.S.C. § 1327.

8. The Fourth Circuit Court of Appeals case of *Cen-Pen Corporation v. Hanson* is instructive in this matter. In that case, the debtors' Chapter 13 plan treated creditor Cen-Pen's claim as unsecured. 58 F.3d 89, 91 (4th Cir. 1995). The plan stated that "all claims to be allowed must be filed; to the extent that the holder of a secured claim does not file a proof of claim, the lien of such creditor shall be voided upon the entry of the Order of Discharge. . . ." *Id.* Cen-Pen did not file a proof of claim or object to the plan, and the bankruptcy court confirmed the debtors' plan. *Id.* After the debtors received a discharge in their case, Cen-Pen sought a determination of

3

the validity of its purported liens on the debtors' residence. *Id.* at 92. The debtors asserted, *inter alia*, that confirmation of their plan invalidated the liens of Cen-Pen pursuant to § 1327(b) and (c), the same provisions cited by the Debtor in this case. *Id.*

9. The Fourth Circuit Court of Appeals found that the debtors' "argument ignores the general rule that liens pass through bankruptcy unaffected." *Id.* (citing *Dewsnup v. Timm*, 502 U.S. 410, 418 (1992)). The court continued,

> For a debtor to extinguish or modify a lien during the bankruptcy process, some affirmative step must be taken toward that end. . . . The simple expedient of passing their residence through the bankruptcy estate could not vest in the [debtors] a greater interest in the residence than they enjoyed prior to filing their Chapter 13 petition.

58 F.3d at 92-93 (citations omitted). The debtors had not filed an adversary proceeding to determine the validity of Cen-Pen's liens pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, and the language in the debtors' plan warning that if the holder of a secured claim did not file a proof of claim, then the lien of that creditor would be voided upon discharge was insufficient to avoid the liens. *Id.* at 93. The court found that "confirmation generally cannot have preclusive effect as to the validity of a lien . . . ." *Id.*

10. Under the sound reasoning and precedent of *Cen-Pen*, the lien of Citizens was unaffected by confirmation of the Plan and the Debtor's subsequent discharge. *Cen-Pen* is applicable even though the Debtor did not challenge the lien or secured status of Citizens through her Plan. The Debtor cannot rely on the proposed, but unfulfilled, repayment provision in the Plan to seek the windfall of an unencumbered vehicle after the Trustee did not remit any payments to Citizens. Citizens was under no obligation to file a claim in the Debtor's case, and if the Debtor wanted Citizens to receive payment under the terms she proposed, then the Debtor should have filed a proof of claim on behalf of Citizens pursuant to Rule 3004 of the Federal Rules of


Bankruptcy Procedure, including documentation to substantiate the claim amount and Citizens' secured status to aid the Trustee in his disbursement.  Even though the language of Section 3.4 of the Plan implied that the Trustee would remit payments to Citizens in the absence of a timely filed proof of claim, the Debtor should have been aware that the Trustee made no disbursements to Citizens when she ascertained the lump sum amount that would be required to pay all allowed claims in full.

11.     The Debtor urges the court to consider the 2017 amendments to Rules 3012 and 3015 of the Federal Rules of Bankruptcy Procedure, implemented years after the *Cen-Pen* decision.  Rule 3012 now includes subsection (b) allowing debtors to request a determination of the amount of a secured claim through a Chapter 13 plan, and Rule 3015(g) now provides that a "determination in [a Chapter 13] plan made under Rule 3012 about the amount of a secured claim is binding on the holder of the claim . . . ." Fed. R. Civ. P. 3012(b), 3015(g)(1).  The Debtor's reliance on those rules is misplaced.  The Advisory Committee notes for Rule 3012 state:

> Pursuant to § 506(a) of the Code, secured claims are to be valued and allowed as secured to the extent of the value of the collateral and unsecured, to the extent it is enforceable, for the excess over such value. The valuation of secured claims may become important in different contexts, e.g., to determine the issue of adequate protection under § 361, impairment under § 1124, or treatment of the claim in a plan pursuant to § 1129(b) of the Code. . . .
>
> An adversary proceeding is commenced when the validity, priority, or extent of a lien is at issue as prescribed by Rule 7001. *That proceeding is relevant to the basis of the lien itself while valuation under Rule 3012 would be for the purposes indicated above.*

Fed. R. Bankr. P. 3012 advisory committee's note (emphasis added).  The amount of Citizens' secured claim as of the petition date was established upon confirmation of the Plan, but confirmation and the subsequent Order of Discharge had no effect on Citizens' lien – only the Debtor's *in personam* liability to Citizens was discharged.  No evidence is before the court to

5

suggest that Citizens does not have a properly perfected lien on the Vehicle, and Citizens' attempts to repossess the Vehicle after extended non-payment on its claim did not violate the court's Order confirming the Plan or the Order of Discharge; now therefore,

It is ORDERED, ADJUDGED and DECREED that the Motion be, and hereby is, denied.

END OF DOCUMENT